09-5242-cv
Flemings v. Merck & Co., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>> *Circuit Judges*,
> DAVID G. LARIMER,
>> *District Judge*.[*]

---

BESSIE L. FLEMINGS,
>> *Plaintiff-Appellant*,

-v.-                                                                 No. 09-5242-cv

MERCK & CO., INC.,
>> *Defendant-Appellee*.

---

> DANIEL A. OSBORN, Osborn Law, P.C., New York, New York,
> for *Plaintiff-Appellant.*


> PAUL F. STRAIN (David J. Heubeck, Craig A. Thompson, *on the brief*) Venable LLP, Baltimore, Maryland; Herbert G. Smith, Venable

---

[*] The Honorable David G. Larimer, Judge of the United States District Court for the Western District of New York, sitting by designation.

LLP, Washington, DC; Christy D. Jones, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Mississippi; Norman C. Kleinberg, Theodore V.H. Mayer, William J. Beausoleil, Hughes Hubbard & Reed, New York, New York; Robert C. Brock, Rushton, Stakely, Johnston & Garrett, Montgomery, Alabama; and James M. Doran, Waller Lansden Dortch & Davis LLP, Nashville, Tennessee, for *Defendant-Appellee*.

Appeal from the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court's November 23, 2009, Order granting summary judgment in favor of defendant-appellee is AFFIRMED.

Plaintiff-appellant Bessie L. Flemings appeals from the district court's grant of summary judgment in favor of defendant Merck & Co., Inc. on her product liability claims, which stem from her use of the drug Fosamax. Flemings claims that Fosamax, which Merck manufactures and distributes for the treatment of osteoporosis, caused her to suffer from a rare condition known as osteonecrosis of the jaw ("ONJ"). She contends the district court erred in finding either inadmissible or insufficient her evidence of causation, a critical element of a product liability claim under Mississippi law. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment *de novo*, and in so doing, we construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009).

Pursuant to Mississippi law, which all parties agree governs Flemings' claim, an action for product liability on a failure-to-warn theory[1] requires a plaintiff to establish, first, that "an adequate warning would have prevented the treating physician from administering the drug," and, second, "that the injury would not have occurred had the drug not been administered." *Bennett v. Madakasira*, 821 So. 2d 794, 807 (Miss. 2002) (citing *Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 814 (5th Cir. 1992)). The district court did not directly address the first, finding instead that Flemings' evidence with respect to the second was insufficient to survive summary judgment. We agree.

Flemings' evidence with respect to harm causation came in the form of the deposition testimony of her treating dentist, Dr. David McDaniel, and her family physician, Dr. Walter Rose. Assuming *arguendo*, that both doctors' testimony would be admitted at trial,[2] neither offered anything approximating a conclusive opinion on causation. Dr. McDaniel, for example, testified as follows:

> Q: . . . Did you arrive at any conclusion as to what caused [Flemings'] condition at [the] time [of treatment?]
>
> A: No.

---

[1] Plaintiff's complaint can be read to allege product liability claims raised under several theories. At the district court level, however, plaintiff did not contest Merck's motion for summary judgment on any of her claims other than the failure-to-warn claim. Likewise, only the failure-to-warn claim is pursued on appeal, and, accordingly, it is the only claim we consider.

[2] Both the district court below and the parties on appeal focus on whether either doctor's opinion would be admissible as expert testimony in this action. Because we are able to conclude that no reasonable jury could consider causation to have been established on the basis of the doctors' testimony even if admitted, we need not and do not reach the issue of admissibility.

[ . . . . ]

Q: To this day, Dr. McDaniel, do you have an opinion as to whether [Fosamax is] what caused her problem?

A: No.

Dr. Rose's testimony is similarly unavailing for Flemings. Specifically, when asked whether he had "an opinion today as to whether Fosamax was a cause or contributing factor of the problem [Flemings] had in her jaw," Dr. Rose answered as follows:

> What little I know about it – and it's very little – I think it probably may have been a contributing factor in her teeth. But her – she had such generalized osteoporosis, I'm not – I can't be – I can't 100 percent say that it was. My understanding of how osteonecrosis works is that if it is due to [the drug] and you stop the drug, that it will heal up . . . . And so [that] to me, it could have healed up, I guess, either from stopping the Fosamax or it could have healed up on its own if it was just an – just a horrible-looking abscess.

> [ . . . ]

> Q: I just want to make sure that I understand your testimony. Is it an accurate summary that you – your testimony is that you don't know whether Fosamax either caused or contributed to [Flemings' problem] back in April of 2006?

> [Plaintiff's Counsel]: Object to the form.

> A: I can't say.

That testimony, standing alone and bolstered by nothing else, is simply insufficient as a matter of law to establish that Flemings' injury "would not have occurred had the drug not been administered." *See Thomas*, 949 F.2d at 812, 814 ("[T]o create a jury question, the evidence introduced must be of sufficient weight to establish, by the preponderance of the evidence, at least some reasonable likelihood" of causation.). In so concluding, we note that Dr. Rose – who himself observed that her condition may not have been related to Fosamax at all but may instead have simply been "a horrible-looking abscess" – also testified that Flemings, who has smoked since the age of

4

and, at present, is a three-pack-a-day smoker, had a history of health and oral hygiene problems in particular that, independent of her use of Fosamax, had left her mouth and gums "in pretty horrible shape." Indeed, Dr. Rose testified that, at the time of his deposition, Flemings' oral health was such that, for reasons having nothing to do with Fosamax, she had "just . . . two teeth."

We therefore conclude, consistent with the district court's determinations, that Flemings failed to adduce sufficient evidence with respect to causation and, accordingly, that summary judgment on her product liability claim was appropriate. To the extent Flemings raises other arguments with respect to the Order entered below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk